# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALBERTO DEL MURO RODRIGUEZ, | Case No. 1:26-cv-03621-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING |
| v. | |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States in 2017 and did not encounter immigration officials. Petitioner came to the attention of U.S. Immigration and Customs Enforcement ("ICE") pursuant to an immigration detainer from Stanislaus County Jail. On March 30, 2026, Petitioner was served with an administrative warrant for his arrest and a notice to appear when immigration officials took custody of him from Stanislaus County Jail. (ECF No. 9-1 at 2[1]; ECF Nos. 9-2, 9-3.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On May 11, 2026, Petitioner filed a petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1 at 6–17.) The Court construed the petition "as raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention." (ECF No. 8 at 1.) On June 3, 2026, Respondents filed an answer. (ECF No. 9.)

**II.**

**DISCUSSION**

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

Respondents argue that "Petitioner is an applicant for admission seeking admission into the United States. As such, Petitioner is lawfully detained under authority of 8 U.S.C. § 1225(b)(2) and not eligible for a bond hearing." (ECF No. 9 at 2.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

"Respondents acknowledge that the legal issues in the current case are like the legal issues this Court previously granted habeas relief and ordered Petitioner be provided a bond hearing pursuant to 8 U.S.C. § 1226(a)." (ECF No. 9 at 1.) As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends finding that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing given that Petitioner was arrested pursuant to an administrative warrant.[2] (ECF No. 9-2.) See J.A.C.P., 2025 WL 3013328, at *8.

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on the construed claim

---

[2] In light of this conclusion, the Court declines to address Petitioner's prolonged detention claim.

challenging the statutory authority of Petitioner's detention.

2. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3